IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:14-CR-055 |
| v. ) | |
| ) | |
| MARIA ROSALBA ) | By: Michael F. Urbanski |
| ALVARADO MCTAGUE, et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Felix Chujoy's motion to suppress evidence obtained through the December 12, 2014 seizure and subsequent search of his iPhone. ECF No. 342. Felix Chujoy argues that the warrantless seizure of his phone violated the Fourth Amendment to the United States Constitution, and thus all evidence obtained by searching that phone must be excluded as fruit of the poisonous tree. The government contends that Felix Chujoy abandoned his phone, and thus cannot now argue that the seizure was wrongful. On January 4, 2017, the court held an evidentiary hearing on Felix Chujoy's motion, during which the court heard the testimony of Special Agent Tami Ketcham, United States Department of Homeland Security ("Agent Ketcham"), who effected the seizure of the phone, and later swore and submitted an Affidavit for Search Warrant, see United States v. Apple iPhone, Model A1549, No. 5:15-mj-052, ECF No. 1, that resulted in the evidence at issue here. See ECF Nos. 349, 351.

For the reasons that follow, the court finds that Felix Chujoy had abandoned his iPhone such that its seizure did not offend the Fourth Amendment. Accordingly, Felix Chujoy's motion (ECF No. 342) is **DENIED**.

# I.[1]

On December 12, 2014, Maria Rosalba Alvarado McTague, Felix Chujoy's mother and codefendant, made her initial appearance at the Harrisonburg federal courthouse. By this point an arrest warrant for Felix Chujoy had been issued; he had not been detained, however, because he was at Army Reserves training in West Virginia. Accordingly, to facilitate Felix Chujoy's detention, Agent Ketcham contacted Felix Chujoy, told him of his mother's arrest and court appearance, and invited him to come to the Harrisonburg Homeland Security Investigations Office. Instead, Felix Chujoy, after obtaining permission from his commanding officer, went directly to the federal courthouse to attend his mother's initial appearance. He was accompanied by his sister and future codefendant, Gladys Chujoy.[2]

When Gladys and Felix Chujoy arrived at the courthouse, they were informed by the court security officer ("CSO") that they could not bring cell phones into the building. The CSO instead suggested that they either return their phones to their vehicle or, if they so chose, hide the phones under a metal ashtray just outside the courthouse entrance. Agent Ketcham testified that she later learned that CSOs routinely make this suggestion to courthouse visitors who arrive with cell phones. Gladys and Felix Chujoy left their phones under the ashtray and entered the courthouse, at which point Felix Chujoy was promptly arrested.

---

[1] Agent Ketcham was the only witness to testify at the suppression hearing; accordingly, the court bases the following factual summary primarily on her testimony.
[2] Gladys Chujoy was not a codefendant at the time; she was named in a superseding indictment returned subsequent to the events at issue here. See ECF No. 52.

2

During Felix Chujoy's arrest, Agent Ketcham asked him for his cell phone. Felix Chujoy made no response. Apparently overhearing this exchange, the CSO went outside the front courthouse doors, retrieved the cell phones from under the ashtray and gave them to Agent Ketcham. Agent Ketcham testified that the CSO took this step of his own volition, stating that neither she nor Special Agent David Liu, who initiated the arrest, directed the CSO to find the phones or take any action.

Later, Gladys Chujoy called Agent Ketcham to inquire after the phones. Agent Ketcham told her that she could pick her phone up at the Homeland Security office, but that Felix Chujoy's phone was being detained. Gladys Chujoy then told Agent Ketcham that Felix Chujoy needed to call his commanding officer in the Army Reserves to explain his absence. Agent Ketcham offered to look the number up if Felix Chujoy provided her the unlock code for the phone and limited consent to find the commanding officer's phone number. After some discussion, Felix Chujoy agreed.[3] He provided Agent Ketcham with the code, and she looked up the number of his commanding officer.

Agent Ketcham did not search the phone at the time because she had no warrant to do so. Nonetheless, she did not release the phone to Felix Chujoy.[4] Instead, in January 2015, she applied to United States Magistrate Judge Joel C. Hoppe for a search warrant for the phone. Paragraph 18 of the failed search warrant application stated that the cell phone "came into the HSI's possession in the following way: it was seized incident to his arrest after he had abandoned the cellphone near the front doors of the courthouse." Agent

---

[3] It appears Felix Chujoy had been processed and released on bond by this point, as Agent Ketcham testified she could hear Felix Chujoy and Gladys Chujoy conversing in the background of the phone call.

[4] Agent Ketcham testified that, though she knew she had no warrant to search or seize the phone, she kept it because she had earlier executed a search warrant on Felix Chujoy's house, and the only reason she didn't get the phone there was because he wasn't present. Moreover, she knew she would apply for another warrant to search the phone.

3

Ketcham testified that Magistrate Judge Hoppe denied the application because there was an insufficient nexus between the phone and the crimes charged. Despite the denial of the warrant to search the cell phone, Agent Ketcham did not return it to Felix Chujoy. Rather, she retained it until August 2015, at which time, after further investigation, a warrant was issued to search the phone. In paragraph 21 of the August 13, 2015 search warrant application, Agent Ketcham averred that "[l]aw enforcement agents seized the DEVICE incident to arrest on December 12, 2014, after he had abandoned the cellphone near the front doors of the federal courthouse." In re the Search of Apple iPhone, 5:15mj0052, ECF No. 1. After Magistrate Judge Hoppe executed the August 13, 2015 warrant to search Felix Chujoy's iPhone, it was searched by a forensic examiner.

At no point following the seizure of his cell phone on December 12, 2014 did Felix Chujoy file a motion under Rule 41(g) of the Federal Rules of Criminal Procedure for return of the phone.

The legal issue facing the court does not concern the eventual forensic search of the cell phone. That was authorized by the August 13, 2015 warrant. Rather, the issue concerns Agent Ketcham's seizure of Felix Chujoy's cell phone on December 12, 2014 and her warrantless retention of it.

## II.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "When law enforcement officials have violated this right by unreasonably intruding on one or more of these protected spheres of privacy, the evidence gained as a

4

result of that intrusion may, in appropriate cases, be ruled inadmissible at a subsequent criminal trial." United States v. Clark, 891 F.2d 501, 504–05 (4th Cir. 1989). The question facing the court is whether Felix Chujoy's cell phone, left under an ashtray outside the courthouse doors, falls within the sphere of privacy protected by the Fourth Amendment.

The Fourth Amendment does not prohibit law enforcement officials from seizing abandoned property. Abel v. United States, 362 U.S. 217, 241 (1960). Abandonment under the Fourth Amendment is not the same as abandonment "in the strict property-right sense." United States v. Edwards, 441 F.2d 749, 753 (5th Cir. 1971). Rather, "[t]he proper test for abandonment is not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the property alleged to be abandoned." United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005) (brackets and internal quotation marks omitted) (quoting United States v. Haynie, 637 F.2d 227, 237 (4th Cir. 1980)). "When a person has 'so relinquished his interest in the property that he no longer retains a reasonable expectation of privacy in it at the time of the search' he has no standing to complain of a Fourth Amendment violation." United States v. McFillin, 713 F.2d 57, 59 (4th Cir. 1981) (quoting United States v. Cella, 568 F.2d 1266, 1283 (9th Cir. 1977)); see United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) ("In determining whether there has been abandonment, the critical inquiry is whether the person prejudiced by the search voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search."). Accordingly, in deciding whether a defendant has abandoned property, the court must consider "the suspect's words and actions and the

5

surrounding circumstances." United States v. Clemons, No. 95-5162, 1995 WL 729479, at *3 (4th Cir. Dec. 11, 1995) (unpublished) (citing United States v. Jones, 707 F.2d 1169, 1172 (10th Cir. 1983)).

Whether an expectation of privacy is "reasonable," and thus entitled to Fourth Amendment protection, turns on subjective and objective components. "[F]irst . . . a person [must] have exhibited an actual (subjective) expectation of privacy and, second, that . . . expectation [must] be one that society is prepared to recognize as 'reasonable.'" United States v. Clark, 891 F.2d 501, 506 (4th Cir. 1989) (emphasis and internal quotation marks omitted) (second and third brackets and ellipses in original) (quoting Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)). "While the individual whose property was searched bears the burden of proving a legitimate expectation of privacy in the items searched, the burden of proving abandonment is on the government." Cofield, 272 F.3d at 1306; see United States v. Castellanos, 716 F.3d 828, 832 (4th Cir. 2013) ("The burden of showing a legitimate expectation of privacy . . . rests with the defendant.").

## III.

As an initial matter, the court assumes, without deciding, that Felix Chujoy maintained a subjective expectation of privacy in his phone. Felix Chujoy's course of conduct on December 12, 2014 supports an inference that, at the time he left his phone under the ashtray, he intended to return for it, and expected that it would remain unmolested for the duration of his time in the courthouse. There is no reason to think that he intended to permanently discard his phone to avoid its seizure by the authorities. When he arrived at the courthouse, Felix Chujoy appears to have been unaware that Homeland Security officers

6

Case 5:14-cr-00055-MFU Document 353 Filed 01/09/17 Page 6 of 10 Pageid#: 3175

were waiting to arrest him. He put his phone under the ashtray pursuant to the suggestion of the CSO—an action apparently taken routinely by courthouse visitors. Moreover, his sister, Gladys Chujoy, did the same, though she was at the time unindicted, and therefore had no reason to fear search or seizure of her phone. In sum, Agent Ketcham's testimony suggests that Felix Chujoy and Gladys Chujoy, like many other visitors, temporarily secreted their phones under the ashtray for convenience, with the intent to return for them after leaving the courthouse.

However, as discussed above, Felix Chujoy's subjective intent is not dispositive.[5] See United States v. Basinski, 226 F.3d 829 (7th Cir. 2000) ("[I]t does not matter whether the defendant harbors a desire to later reclaim an item . . . ."). Felix Chujoy must carry his burden to demonstrate that his expectation of privacy was an objectively reasonable one. This he has failed to do.

Two situations most commonly give rise to courts finding that a defendant abandoned seized property: first, where a defendant disclaimed any interest in the object, see, e.g., United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir. 1995) (defendant denied owning bags containing contraband), and second, where a defendant physically relinquished the evidence, see, e.g., United States v. McLaughlin, 525 F.2d 517, 519-20 (9th Cir. 1975) (marijuana thrown from moving truck during police pursuit), cert. denied, 427 U.S. 904 (1976); United States v. Gordon, 152 F. App'x 282, 283 (4th Cir. 2005) (unpublished) (gun discarded as defendant ran from officers). Felix Chujoy never disclaimed an interest in his

---

[5] In his brief in support of his motion, Felix Chujoy urges the court to find that he did not abandon his phone because "it can be reasonably inferred from the evidence that [he] expected to retrieve the hidden phone within a short amount of time." ECF No. 350, at 2. This intent, however, only goes to his subjective hopes of privacy. It does nothing to suggest that he was reasonable in believing his phone would remain undisturbed.

7

cell phone: when Agent Ketcham asked about his phone, he merely declined to answer, and the record contains no statement made by him when the CSO handed her the phone. However, he did physically relinquish it. Thus, the question turns on whether, by placing his cell phone under the ashtray in front of the courthouse, Felix Chujoy lost any objectively reasonable expectation of privacy in that phone. Although the question is close, the court concludes that he has not met his burden of demonstrating that he retained an objectively reasonable expectation of privacy when he placed his cell phone under the ashtray on the front steps of the courthouse.[6]

It bears mentioning that Felix Chujoy and Gladys Chujoy left their phones under an ashtray, in public, outside the front door of the Harrisonburg federal courthouse. Unlike in most cases that find abandonment absent an explicit disavowal of ownership, Felix Chujoy does not appear to have left his phone in order to shield it from discovery; rather, he left it for convenience, to allow him to enter the courthouse. Further complicating the analysis is that Felix Chujoy apparently left his cell phone outside the courthouse at the suggestion of the CSO who later retrieved it for Agent Ketcham. Nonetheless, the fact remains that the phone was left, unguarded, in public. This is strong evidence of abandonment. E.g., United States v. McFillin, 713 F.2d 57, 58 (4th Cir. 1981); Clemons, 1995 WL 729479, at *3.

Moreover, Felix Chujoy left his phone where anyone could see, touch, or even remove it without him knowing. "[His] ability to recover the [phone] depended entirely upon

---

[6] The issue is not whether Felix Chujoy retained a reasonable expectation of privacy in the *contents* of the cell phone, as Felix Chujoy suggests in his brief. ECF No. 350, at 2 (arguing against a finding of abandonment because the phone "contained (locked behind a password) quite a bit of private information"). As Felix Chujoy points out, the phone could not be unlocked without a pass code, and therefore, even if stolen, Felix Chujoy could reasonable assume the phone's data would not be accessible. Rather, the question is whether Felix Chujoy could reasonably think that the phone itself would not be disturbed.

8

fate and the absence of inquisitive (and acquisitive) passers-by." United States v. Davis, No. 4:12-CR-00267-RBH, 2012 WL 5511783, at *3 (D.S.C. Nov. 14, 2012) (unpublished) (finding abandonment where a defendant left a bag on the side of the road hoping to recover it later). Strangers' ability to access property also suggests abandonment. E.g., California v. Greenwood, 486 U.S. 35, 40 (1988); Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Jackson, 728 F.3d 367, 375 (4th Cir. 2013). No party presented testimony from the CSO, and there is no indication that the CSO provided any assurance to Felix Chujoy that he would monitor the ashtray. Rather, the fact that the CSO suggested so slapdash a receptacle suggests that he was advising Felix Chujoy of a common practice among visitors, rather than supplying him with a secure place to stash his phone.[7]

The complicating factor in this case is the role of the CSO, both in suggesting the ashtray as a place where courthouse visitors could stash their phones, and in retrieving Felix Chujoy's cell phone for Agent Ketcham. While the court does not believe that CSOs should be engaged in either of these activities, the involvement of the CSO does not change the result in this case. Regardless of the suggestion of the CSO, Felix Chujoy made the decision to put his cell phone under an ashtray on the front steps of the federal courthouse rather than secure it elsewhere, such as in a car. Having done so, it was fair game for anyone who happened along. Placing one's cell phone under an ashtray in so open a place as the steps of a federal courthouse and leaving it there is not consistent with an objectively reasonable expectation of privacy. Under these circumstances, Felix Chujoy has not met his burden of

---

[7] Felix Chujoy argues that the phone was "hidden from public view" and thus was not abandoned. ECF No. 350, at 2. While his phone may not have been visible to disinterested passersby on the street, it was deposited in the same place any court visitor would be told was available to stash his or her phone. Felix Chujoy thus knew that there was a strong chance other people would be directed by the court officer to exactly where his phone was hidden, all but ensuring "public view" of the phone.

9

establishing that he retained an objectively reasonable expectation of privacy when he left his cell phone under an ashtray on the courthouse steps and walked away, entering the building.

**IV.**

In sum, though Felix Chujoy surely intended to return for his phone, he chose to leave it in public, unsecured, where anyone could find it. Indeed, any visitor to the court that carried a cell phone would be immediately alerted to the location of Felix Chujoy's phone. Such ready access, in public, renders unreasonable any expectation of privacy Felix Chujoy might have had. Accordingly, the court cannot conclude that his expectation of privacy in a cell phone deposited under an ashtray on the courthouse steps was objectively reasonable. Thus, for the purpose of the Fourth Amendment, the phone was abandoned. Felix Chujoy's motion (ECF No. 342) is **DENIED**.

An appropriate Order will be entered.

Entered: 1-9-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge